UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Nicholas Meyer,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>— against —<br><br>**Delta Air Lines, Inc.,**<br><br>Defendant. | No. _____<br><br>**Class Action Complaint**<br><br>**Jury Trial Demanded** |

Plaintiff Nicholas Meyer, individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendant Delta Air Lines, Inc. ("**Delta**") and alleges as follows:

## Introduction

1. This class action seeks redress for Delta's intentional practice of charging passengers premium fees to obtain seats that Delta indicates have a "window," but which are actually next to a blank wall. Plaintiff and the proposed class members paid valuable additional consideration to obtain a window to improve their flying experiences. Delta indicated to the Plaintiff and class members that the particular seats they chose had a "window," even though Delta knew full well they did not. Nevertheless, Delta solicited, accepted, and retained extra cash, credits, points, or other airline benefits that consumers paid for the specific purpose of obtaining a particular seat that they were led to believe had a window. By offering and charging extra for "window" seats that were windowless, Delta unlawfully caused Plaintiff and the putative class members to expend consideration for no value. They are entitled to compensatory damages and exemplary damages for Delta's intentional misconduct.

2.  For many years, Delta has knowingly and routinely sold windowless "window" seats to travelers. For instance, various models of Delta's Boeing 737, Boeing 757, and Airbus A321 aircraft are built with one or more seats that would traditionally have a window, but do not include one due to the placement of air conditioning ducts, electrical conduits, or other interior components. Delta operates hundreds of these planes, which each make multiple flights every day. As a result, Delta has likely sold over a million windowless "window" seats throughout the class period.

3.  When travelers book a seat on an airplane next to the wall, they expect it to have a window. Delta represents the same. For instance, Delta's website and passenger preference options exclusively refer to "window," "middle," and "aisle" seats. In fact, during the seat selection process on its website, Delta affirmatively describes *every* wall-adjacent seat as a "window" seat—including the seats on 737s, 757s, A321s, and the like that Delta knows are windowless.

4.  A large proportion of airline travelers prefer window seats, and are willing to pay extra money to obtain them. For many, it is a special experience to see the world from 30,000 feet, or to watch a descent into LaGuardia. Windows can captivate or distract an antsy child. Many people have a fear of flying, or get claustrophobic or motion sick on planes, and windows give them a greater level of comfort in an otherwise stressful environment. Others just want a burst of sunlight to brighten their days. Whatever the motive, had Plaintiff and the class members known they were choosing a windowless seat, they would not have selected it at all, much less paid more money for it.

5.  Delta has long been on notice of customer complaints that its practice of selling windowless "window" seats for a premium is misleading and unfair. Yet, Delta has deliberately

continued that practice for years. Several of Delta's competitors, such as American Airlines and Alaska Airlines, operate the same kinds of aircraft with windowless "window" seats. But unlike Delta, when travelers select such seats, American and Alaska specifically disclose that the seat has no window view. Delta's mobile application and website have the same functionality; Delta specifically warns customers that the particular seats they are selecting have, for example, "Limited Recline" or "No Floor Storage." But in contrast to its competitors like American and Alaska, Delta declines to advise that certain "window" seats have no window—and sells them at a premium.

6. Delta's conduct is deceptive and unlawful, and amounts to a breach its contracts with affected passengers. Through this action, Plaintiff, on behalf of himself and the class he seeks to represent, seeks compensatory and exemplary damages for Delta's serial and intentional wrongdoing.

## The Parties

7. Plaintiff Nicholas Meyer is an individual person who resides in Brooklyn, New York. On August 5, 2025, Plaintiff booked travel with Delta for August 16, 2025, to take him from LaGuardia to Orange County, California. His travel itinerary included a layover in Atlanta, Georgia. For both legs of his trip, he specifically chose a window seat because he wanted to enjoy the view. He chose seat 32A for his flight to Atlanta, and seat 23F for his flight to Orange County. Plaintiff reasonably believed, based on Delta's representations and the seats' positions on the planes, that both seats would have a window, and he remitted additional consideration for that privilege in the form of additional cash. At no point did Delta indicate to Plaintiff that the purported "window" seat he selected might not have a window.

8. On August 16, 2025, Plaintiff took his connecting flight to Atlanta, on which he obtained and enjoyed his pre-selected window seat. Upon boarding his flight to Orange County, however, Plaintiff discovered that seat 23F was windowless. Plaintiff had no option but to spend the ensuing four-and-a-half hour flight next to a blank wall. Indeed, Delta Flight 826, which uses a Boeing 757-200, never has a window in seat 23F. Had Delta disclosed that fact to Plaintiff, rather than affirmatively indicate it has a "window," Plaintiff would not have selected that seat, and would not have remitted additional consideration for it.

9. Defendant Delta is a major commercial airline headquartered in Atlanta, Georgia. It is a public company that is incorporated in Delaware and listed on the New York Stock Exchange with the trading symbol "DAL."

10. Delta operates one of the largest airline networks in the world, and uses around 1000 owned or leased aircraft to fly travelers between hundreds of destinations across the world. In 2024, Delta provided transportation services to over 200 million travelers, and generated over $50 billion in revenue from its travel services, including the marketing and sale of air transportation and related upgrades through its website, mobile app, call centers, and third-party travel platforms. Delta holds itself out to consumers as a premium service provider and charges higher fares for particular seat locations—such as "window" seats—based on consumer preferences and expectations tied to those seat types. As one of the "Big Three" legacy U.S. airlines, alongside United and American, Delta exerts substantial influence over the domestic and international air travel markets, and is a common carrier subject to laws prohibiting deceptive business practices and false advertising.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because at least one member of the putative class is a citizen of a different state than Delta, there are more than 100 members of the class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

12. This Court has personal jurisdiction over Delta because it conducts substantial business in this District and engaged in the conduct at issue from and within this District, including by advertising and selling airline tickets and associated services to Plaintiff and other class members in this District, and operating aircraft that depart from and arrive in this District.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because this District is where a substantial part of the acts, omissions, and events giving rise to Plaintiff's claims occurred.

## Factual Allegations

### I. Delta Charges Passengers Additional Fees to Select a Window Seat

14. When travelers book basic fares on Delta flights, they cannot choose where they sit on the plane, and are instead assigned a less-desirable seat upon checking in for the flight on the day of travel.

15. If travelers desire the opportunity to select a specific seat on a Delta flight, they must upgrade to a higher class of ticket, or must participate in certain benefits programs that also require the traveler to expend additional consideration. An exemplative screenshot of this threshold upgrade option for a standard traveler is below:



16.     When a Delta traveler has obtained the ability to select a seat, Delta then generally requires them to pay additional consideration to select a desirable seat, such as a window seat. This additional consideration can take the form of additional cash, rewards program credits, benefits obtained from credit card programs, or from upgrades to premium classes of tickets. The cost to select such seats varies based on factors like seat location, route, and demand. Window seats, for example, generally cost more than middle seats. An exemplative screenshot of this additional upgrade process is below:



17. The added consideration required to select a window seat is significant. A typical basic economy traveler, for example, might need to spend upwards of $40 to advance to a higher ticket tier, and then must spend over $30 to select a particular window seat. For passengers who do not pay for these upgrades in cash, they pay for their seat selection with other valuable consideration, such as credits earned from Delta, membership fees for rewards programs, and/or in the opportunity cost of benefits they would have obtained from selecting a different credit card reward program. These additional fees to select particular seats are charged in addition to the base fare, taxes, and other fees.

18. Thus, of its own volition, Delta undertook to create a seat selection fee for a window seat, set the amount of the fee, and required its passengers to pay the fee. Upon acceptance of the seat selection fee for "window" seats, Delta incurred an obligation to provide a window seat (*i.e.* a seat that actually has a window), or else refund the additional fees.

## II. Delta's Planes Have Windowless "Window" Seats

19. Delta operates a fleet of almost 1,000 aircraft, including over 500 Boeing 737s, 757s, and Airbus A321s. These and other planes Delta operates have at least one wall-adjacent seat that does not have a window ("**Windowless Seat(s)**"). The Windowless Seats generally look like the below screenshot:



20. One of Delta's competitors, Alaska Airlines, explains on its website: "That's the spot where Boeing places the air conditioning riser ducts from the belly…. The vertical ducts are located behind the passenger compartment sidewall panels and they prevent the installation of a window in one row on the left side. This is standard on all Boeing 737 aircraft, not just ours."

### III. Delta Represents That its Windowless Seats Have Windows

21. Travelers can purchase tickets for Delta flights in a variety of ways, such as on its website and mobile application. In either circumstance, upon selecting a travel route and fare, prospective travelers are presented with a seat map option, which visually distinguishes seat types—such as window, middle, and aisle—and assigns prices to select a particular seat based on a variety of desirability factors.

22. Although Delta is aware that a majority of its aircraft have Windowless Seats, it never discloses that fact during the travel booking process. To the contrary, Delta's website affirmatively states that Windowless Seats have a "window."

23. For instance, per sources like SeatGuru, Delta's 737-900ER aircraft have a Windowless Seat at seat 15A. Yet, Delta's checkout seat map states it is a "window" seat. Delta's mobile app, similarly, visually indicates whether a seat is a window, middle, or aisle seat, and it affirmatively implies that the Windowless Seats have windows, including by labeling them as premium options, charging more for them than the adjacent middle seats, and charging the same premium as the surrounding seats that actually do have windows.

24. Moreover, in its marketing materials and customer communications more broadly, Delta appears to exclusively refer to its seat options as "window," "middle," and "aisle," without caveating for the presence of Windowless Seats.

25. For instance, Delta enables travelers to set up a personal "profile" where they can designate a standing preference for a "window" or "aisle" seat. It also enables passengers to request upgrades to their flights with the same options.

26. As Delta explains on its website, "With our online interactive seat map, you can confirm your seat in three mouse clicks. In some cases, seat assignments are made automatically based upon your preference for a window or aisle seat, noted in your profile." But passengers who select a preference for a window seat and remit consideration to Delta for that preferred seat type are often placed in a Windowless Seat. Screenshots of these preference options are below:




27. As another example, Delta suggests on its website that any passengers traveling with infants should try to obtain a "window seat," which it says "is the preferred location for an approved child safety seat."

28. In purchasing a window seat, travelers reasonably rely on Delta's seat map, labels, and representations when making seat selections and paying additional fees, and believe that a "window" seat will include a physical window. This reliance on Delta's representations

is bolstered by the facts that Delta never provides an option to verify whether the selected "window" seat actually includes a window, and that Delta does not enable travelers to preview or confirm the physical configuration of the aircraft before completing the transaction.

### IV. Delta Has Long Declined to Change its Practices, Even Though its Competitors Affirmatively Identify Windowless Seats

29. While Delta represents that its Windowless Seats have a "window," several of its competitors affirmatively clarify that their Windowless Seats do not. For example, American, Alaska, and RyanAir operate similar aircraft with Windowless Seats. However, when a customer attempts to purchase those seats, each of those airlines alert the traveler that the seat has no window. Screenshots showing examples from American and Alaska are below:



30. Delta's booking applications have the very same functionality. For example, Delta specifically alerts passengers when they attempt to book a particular seat that has limited ability to recline, or has limited storage. An exemplative screenshot from Delta's mobile app showing such disclosures is below:



31.     Inexplicably, however, Delta declines to disclose the presence of Windowless Seats. Instead, it charges a premium for them, and routinely declines to refund passengers.

32.     Indeed, websites like Reddit and X are chock full of complaints from dissatisfied passengers who felt duped into paying additional consideration for a Windowless Seat, and who were refused a refund. A few examples are reflected in the below screenshots:









## V.    Delta's Conduct is Unlawful and Must be Remediated

33.    As established above, when a traveler purchases a window seat on Delta's website or app, Delta expressly and impliedly represents that the seat purchased includes a window. In so doing, and in obtaining specific consideration from passengers who select such seats, Delta undertakes a self-imposed obligation to provide those passengers with a window. Delta affirmatively took steps, adopted systems and policies (both visible and invisible to the passenger), and otherwise behaved consistent with its undertaking to provide travelers with a "Window" seat in exchange for the fee. Indeed, Plaintiff and the putative class members would not have paid the fee but for Delta's undertaking of an obligation to provide a "window" seat.

34. The specific seat selected by the traveler, including the representations that it has a window and the consideration to be remitted for the seat, are each necessarily incorporated into the contract of sale, as would be the case with any other kind of premium upgrade for which Delta charges additional fees.

35. By failing to provide such travelers with the promised window seat, Delta breached the obligations it expressly and impliedly assumed when it induced and enabled travelers to purchase Windowless Seats on false or misleading pretenses. Plaintiff and the putative class members are entitled to damages for the consideration they wrongfully expended, and they are entitled to exemplary damages for Delta's misconduct in intentionally continuing this practice and refusing to refund affected consumers.

## Class Allegations

36. Plaintiff incorporates the above allegations as if fully set forth below.

37. Plaintiff brings this class action individually and on behalf of all members of the following class of similarly situated persons pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(c)(4):

> All persons and entities in the United States that purchased airfare from Delta and remitted additional consideration to obtain a window seat, but received a Windowless Seat.

38. Excluded from the class are Delta and its subsidiaries, affiliates, officers, directors, and any entity in which Delta has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members. Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

39. <u>Numerosity</u>: The number of members in the class is so numerous that joinder of all class members in a single proceeding would be impracticable. While the exact number of

members of the class is unknown at this time and can only be determined by appropriate discovery, Plaintiff is informed and believes that the class is likely to include thousands of members. As set forth above, during the class period, Delta has likely sold more than 1 million Windowless Seats. Therefore, the class is sufficiently numerous that joinder of all members in a single action is impracticable under Rule 23(a)(a), and the resolution of claims through the procedure of a class action will benefit the parties and the Court.

40. <u>Commonality and Predominance</u>: Common questions of law and fact exist as to all class members and predominate over any potential questions affecting only individuals. Such common questions of law or fact include, among other things, whether Delta (i) breached a self-imposed duty to provide class members with a window when they selected a window seat, (ii) breached its agreement(s) with passengers who paid fees to purchase a window seat or otherwise conferred a benefit on Delta to select those seats when those customers were seated in a seat that does not include a window, (iii) unfairly or deceptively induced class members to remit additional consideration to obtain the Windowless Seats, and (iv) is obligated to refund fees charged to class members for their obtainment of Windowless Seats.

41. Delta engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of all other class members. Individual questions, if any, pale in comparison, in both quantity and quality, to the numerous common questions that dominate this action.

42. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class members. Plaintiff, like all proposed members of the class, selected a window seat on a Delta flight, but was placed in a Windowless Seat. Plaintiff and class members were injured by the same wrongful acts, practices, and omissions committed by Delta, as described above. Plaintiff's

claims therefore arise from the same practices or course of conduct that give rise to the claims of all class members.

43. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff is an adequate representative of the class and has no interests adverse to, or in conflict with, the class that Plaintiff seeks to represent. Plaintiff has retained counsel with substantial experience and success in complex civil litigation and class actions.

44. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

45. Adequate notice can be given to class members directly using information maintained by Delta.

46. <u>Predominance</u>. The issues in this action are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Delta has engaged in a common course of conduct toward Plaintiffs and class members. The common issues arising from Delta's conduct affecting class members set out above predominate over any individualized issues. Adjudication of these issues in a single action has important and desirable advantages of judicial economy.

## Cause of Action
## Breach of Contract

47. Plaintiff incorporates by reference all of the above allegations.

48. Plaintiff and the putative class members entered contracts with Delta that required Delta to provide "window" seats with actual windows in exchange for the additional consideration class members expended to obtain such seats.

49. These contracts included both express terms—such as those in Delta's standard terms of carriage, the class members' specific seat selections, and written seat maps indicating the seats had a "window"—as well as implied terms arising from Delta's representations and the reasonable expectations of the parties that purchasing a seat identified as a "window" seat would, in fact, have a window.

50. Plaintiff and the class members performed all relevant obligations owed to Delta, including by paying the consideration required to obtain their selected "window" seats.

51. Delta breached its contractual obligations by providing Plaintiff and the class members with Windowless Seats.

52. As a direct and proximate result of Delta's breach, Plaintiff and each class member have suffered damages in an amount to be determined at trial.

## **Prayer for Relief**

**Wherefore**, Plaintiff, individually and on behalf of all other class members, respectfully requests entry of judgment against Delta:

- a. Certifying the proposed class as requested above, designating Plaintiff as class representative, and appointing Plaintiff's counsel as Class Counsel;

- b. Awarding Plaintiff and all class members all appropriate monetary relief, including actual damages, consequential damages, punitive damages, restitution, disgorgement, and available attorneys' fees;

- c. Awarding Plaintiff and all class members pre- and post-judgment interest at the applicable statutory rate;

- d. Awarding Plaintiff and all class members reasonable attorneys' fees, costs, and expenses to the extent allowable;

- e. Awarding Plaintiff and the Class such other favorable relief as allowable under law; and

- f. Awarding additional relief as the Court deems just and proper.

Respectfully Submitted:

August 19, 2025
New York, New York

**GREENBAUM OLBRANTZ LLP**

Casey J. Olbrantz
Carter E. Greenbaum
244 Fifth Avenue, Suite C221
New York, NY 10001
646-818-0913
casey@greenbaumolbrantz.com
carter@greenbaumolbrantz.com

*Counsel for Nicholas Meyer*