

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
kslaw.com

Alvina Pillai
*Senior Associate*
Tel: +1 212 790 5331
apillai@kslaw.com

September 15, 2025

**VIA ECF**
The Honorable Ramon E. Reyes, Jr
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom 2E North

  Re: *Nicholas Meyer v. Delta Air Lines, Inc.*, No. 1:25-cv-04608-RER-SDE

Your Honor:

  I represent Defendant Delta Air Lines, Inc ("Delta"). I write pursuant to Rule IV.A of Your Honor's Individual Practice Rules to request a pre-motion conference concerning Delta's anticipated Motion to Dismiss and Strike Plaintiff Nicholas Meyer's Complaint (ECF 1). Delta respectfully requests permission to file a Motion to Dismiss and Strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f) because the Complaint (i) fails to plead a claim for relief and (ii) requests relief that is not available to Plaintiff as a matter of law.

  **A. The Complaint Fails to Plead a Non-Preempted Claim for Breach of Contract.**

  Plaintiff asserts one cause of action against Delta, nominally for breach of contract. He has presented his claim as one for breach of contract in an attempt to avoid preemption under the Airline Deregulation Act ("ADA"), which preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). Plaintiff's claim relates to Delta's prices and services, so Plaintiff seeks to take advantage of the ADA's narrow exception for claims "seeking recovery solely for [an] airline's breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995). To qualify for that exception, however, a plaintiff must sue to enforce only the precise terms of "the parties' bargain, with no enlargement or enhancement based on state laws or policies

external to the agreement." *Id.* at 233. To avoid preemption, therefore, Plaintiff must only seek to enforce obligations that appear within the four corners of his contract with Delta. *E.g.*, *Pena v. British Airways, PLC (UK)*, 2020 WL 3989055, at *5-6 (E.D.N.Y. Mar. 30, 2020).

Plaintiff fails to state a claim that Delta breached any provision of its contract with Plaintiff. Plaintiff claims that Delta breached an alleged obligation to provide him a window seat. Compl. ¶¶ 7-8. But Plaintiff's contract with Delta, called the "Contract of Carriage" (or "COC"), contains no contractual representations about window seats. To the contrary, the Contract of Carriage expressly provides that "seat assignments[] . . . are not guaranteed and *form no part of this contract*." COC Rule 2 (emphasis added).[1] Plaintiff thus tries to bind Delta to alleged representations that Delta made outside of the Contract of Carriage (Compl. ¶¶ 21-28, 48-49), but the Contract of Carriage bars that attempt as well. It is a fully integrated contract, whose merger clause provides that it "represents the entire agreement between the parties relating to transportation by [Delta], and shall supersede all prior representations, understandings or agreements pertaining thereto, either oral or written. No other covenants, warranties, undertakings or understandings may be implied, in law or in equity." COC Rule 26.

Basic principles of contract law foreclose Plaintiff's attempt to supplement the integrated Contract of Carriage with supposed obligations that do not appear in—and indeed conflict with—the Contract of Carriage. Under Georgia law (which governs the Contract of Carriage, COC Rule 24), the Contract of Carriage's merger clause "operates as a disclaimer, establishing that the written agreement completely and comprehensively represents all the parties' agreement." *Fabian v. Pontikakis*, 327 Ga. App. 392, 396 (2014) (quotation marks omitted). Because the Contract of Carriage is "complete and contains no ambiguity," Plaintiff may not rely on "[e]vidence extrinsic to the agreement . . . for the purpose of varying the agreement's terms." *Fondo v. Delta Airlines, Inc.*, 2001 WL 604039, at *3 (S.D.N.Y. May 31, 2001).

The ADA bolsters that conclusion. Although the ADA does not preempt breach of contract claims based on an airline's "self-imposed undertakings," it does "confine[] courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 228, 233. To "read into the Contract of Carriage additional obligations," as Plaintiff seeks to do, "would be a direct circumvention of the broad pre-emptive sweep of the ADA." *Pica v. Delta Air Lines, Inc.*, 2019 WL 1598761, at *5 (C.D. Cal. Feb. 14, 2019); *accord Joseph v. JetBlue Airways Corp.*, 2012 WL 1204070, at *6 (N.D.N.Y. Apr. 11, 2012). Accordingly, the ADA would preempt any attempt by Plaintiff to supplement Delta's Contract of Carriage with obligations allegedly arising from external representations about window seats.

Because Plaintiff must but cannot allege that Delta breached a provision contained within the four corners of its Contract of Carriage, he cannot state a claim for breach of contract. His Complaint should be dismissed in full.

---

[1] *Available at* https://www.delta.com/us/en/legal/contract-of-carriage-dgr

September 15, 2025
Page 3

### B.     Plaintiff Seeks Legally Unavailable Relief.

Even if Plaintiff had stated a non-preempted claim for breach of contract, he would be eligible to recover only actual compensatory damages caused by the alleged breach. Plaintiff's additional requests for consequential damages, punitive damages, disgorgement, restitution, and attorney's fees (Compl., Prayer for Relief ¶¶ b, d) are preempted by the ADA and prohibited by state law. The Court should dismiss or strike those requests. *Doe v. Indyke*, 457 F. Supp. 3d 278, 283-85 (S.D.N.Y. 2020) (holding courts may dismiss or strike remedies that are "unavailable as a matter of law").

First, the Contract of Carriage expressly precludes liability "for any punitive, consequential, or special damages arising out of or in connection with carriage or other services performed by Delta." COC Rule 24. Delta, therefore, has not agreed to any "self-imposed undertaking[]" to pay consequential or punitive damages. *Wolens*, 513 U.S. at 228. Such damages could be awarded only under "state laws or policies external to the agreement," which the ADA forbids. *Id.* at 233; *see Starker v. Spirit Airlines*, 2019 WL 4194572, at *8 (S.D.N.Y. Sept. 3, 2019); *In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 317 (E.D.N.Y. 2005). Preemption aside, Georgia law does not permit the recovery of punitive damages for breach of contract. *Trust Co. Bank. v. Citizens & Southern Trust Co.*, 260 Ga. 124, 126 (1990).

Second, restitution and disgorgement are equitable remedies that could only be awarded under state policies external to the agreement. Courts agree that the ADA preempts such equitable or quasi-contractual remedies. *E.g.*, *Byler v. Air Methods Corp.*, 823 F. App'x 356, 365 (6th Cir. 2020); *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1068 (10th Cir. 2019). Moreover, "disgorgement is not an available remedy for breach of contract under Georgia law." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1372 (11th Cir. 2021).

Third, the Contract of Carriage does not authorize an award of attorney fees, so any claim for fees would have to be based on non-contractual state law preempted by the ADA. *ATA Airlines, Inc. v. Fed. Exp. Corp.*, 2010 WL 1754164, at *4 (S.D. Ind. Apr. 21, 2010). Plaintiff also has not satisfied the pleading requirements for asserting a claim for fees under Georgia law. *See Perry v. Serenity Behavioral Health Sys.*, 2009 WL 1259367, at *2 (S.D. Ga. May 6, 2009); *Pipe Sols., Inc. v. Inglis*, 291 Ga. App. 328, 329 (2008).

For these reasons and others that Delta intends to set forth in its anticipated motion, the Complaint fails to state a claim and seeks relief that is unavailable as a matter of law. Delta respectfully requests leave to file its Motion to Dismiss and Strike.

Respectfully submitted,

*/s/ Alvina Pillai*
Alvina Pillai
(NY Bar No. 5680913)

cc:     All counsel of record via ECF