# KING & SPALDING

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, California 94111

Tel: +1 415 318 1200
Fax: +1 415 318 1300
kslaw.com

Matthew Noller
Counsel
Direct Dial: +1 415 318 1242
mnoller@kslaw.com

October 17, 2025

**VIA ECF**
The Honorable Ramon E. Reyes, Jr
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom 2E North

      Re:    *Anthony Bernardo, et al. v. Delta Air Lines, Inc.*, No. 1:25-cv-04608-RER-SDE

Your Honor:

      I represent Defendant Delta Air Lines, Inc. I write pursuant to Rule 4 of Your Honor's Individual Practice Rules concerning Delta's anticipated Motion to Dismiss and Strike Plaintiffs' First Amended Complaint ("FAC," ECF 16). Delta respectfully requests permission to file a Motion to Dismiss and Strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f).

      **A.**    **The Complaint Fails to Plead a Non-Preempted Claim for Breach of Contract.**

      Plaintiffs' first claim is nominally for breach of contract. They present their claim as one for breach of contract in an attempt to avoid preemption under the Airline Deregulation Act ("ADA"), which preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). Plaintiffs' claim relates to Delta's prices and services, so Plaintiffs seek to take advantage of the ADA's narrow exception for claims "seeking recovery solely for [an] airline's breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995). To qualify for that exception, however, a plaintiff must sue to enforce only the precise terms of "the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 233. To avoid preemption, therefore, Plaintiffs must only seek to enforce obligations that appear within the four corners of their contract with Delta. *E.g.*, *Pena v. British Airways, PLC (UK)*, 2020 WL 3989055, at *5-6 (E.D.N.Y. Mar. 30, 2020).

      Plaintiffs fail to state a claim that Delta breached any provision of its contract with Plaintiffs. Plaintiffs claim that Delta breached an alleged obligation to provide them window seats.

October 17, 2025
Page 2

FAC ¶ 7. But Plaintiffs' contract with Delta, called the "Contract of Carriage" (or "COC"), contains no contractual representations about window seats. To the contrary, the Contract of Carriage expressly provides that "seat assignments[] . . . are not guaranteed and form no part of this contract." COC Rule 2.[1] That disclaimer forecloses Plaintiffs' theory that the COC incorporated promises in their "Tickets" to provide window seat. FAC ¶¶ 1, 54-62. If Plaintiffs' "Tickets" were incorporated into the COC, the "Tickets" are equally subject to the COC's disclaimers. And the COC is unambiguous that any statements about "seat assignments" in the "Tickets" were not contractual guarantees. COC Rule 2. Plaintiffs cannot plausibly allege that the "Tickets" constituted contractual promises that the COC expressly disclaims.

Plaintiffs also try to bind Delta to alleged representations that Delta made outside of the COC (FAC ¶¶ 33-42), but the COC bars that attempt as well. It is a fully integrated contract, whose merger clause provides that it "represents the entire agreement between the parties relating to transportation by [Delta], and shall supersede all prior representations, understandings or agreements pertaining thereto, either oral or written. No other covenants, warranties, undertakings or understandings may be implied, in law or in equity." COC Rule 26. Under Georgia law (which governs here, COC Rule 24), that merger clause "operates as a disclaimer, establishing that the written agreement completely and comprehensively represents all the parties' agreement." *Fabian v. Pontikakis*, 327 Ga. App. 392, 396 (2014) (quotation marks omitted). Because the COC is "complete and contains no ambiguity," Plaintiffs may not rely on "[e]vidence extrinsic to the agreement . . . for the purpose of varying the agreement's terms." *Fondo v. Delta Airlines, Inc.*, 2001 WL 604039, at *3 (S.D.N.Y May 31, 2001).

The ADA bolsters that conclusion. Although the ADA does not preempt breach of contract claims based on an airline's "self-imposed undertakings," it does "confine[] courts … to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 228, 233. To "read into the Contract of Carriage additional obligations," as Plaintiffs seek to do, "would be a direct circumvention of the broad pre-emptive sweep of the ADA." *Pica v. Delta Air Lines, Inc.*, 2019 WL 1598761, at *5 (C.D. Cal. Feb. 14, 2019); *accord Joseph v. JetBlue Airways Corp.*, 2012 WL 1204070, at *6 (N.D.N.Y. Apr. 11, 2012). Accordingly, the ADA would preempt any attempt by Plaintiffs to supplement Delta's COC with obligations allegedly arising from external representations about window seats.

      B.      **The Complaint Fails to Plead a Non-Preempted Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.**

The ADA and COC similarly bar Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. The ADA preempts claims for breach of the implied covenant unless the governing state law "allow[s] people to disclaim the obligation of good faith." *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 287-88 (2014). Plaintiffs allege that Georgia law governs the COC and that, "[u]nder Georgia law, every contract imposes upon each party a duty of good faith and fair dealing." FAC ¶ 79. Plaintiffs also suggest that Georgia law does not permit a party to *disclaim* the implied covenant, but may avoid it only when a contract "expressly reserves complete discretion to the party from whom performance is required." *Id.* If that statement of Georgia law were accurate, it would establish that Georgia's "application of the implied covenant depends on

---

[1] Plaintiffs incorporate the COC by reference into the FAC. *E.g.*, FAC ¶¶ 55, 60. The governing COC is also publicly available at https://www.delta.com/us/en/legal/contract-of-carriage-dgr.

state policy" and is accordingly preempted by the ADA. *Ginsberg*, 572 U.S. at 388.

If, on the other hand, Georgia law does permit parties to disclaim the implied covenant, then the COC bars Plaintiffs' claim. The COC's merger clause provides that "[n]o other covenants, warranties, undertakings or understandings may be implied, in law or in equity." COC Rule 24. That provision expressly disclaims the implied covenant. *E.g.*, *Dusko v. Delta Air Lines, Inc.*, 2022 WL 22927618, at *7-8 (N.D. Ga. Mar. 2, 2022) (holding COC's disclaimer barred claim for breach of implied covenant under Georgia law). Even if "complete discretion" were required to avoid the covenant (FAC ¶ 79), the COC grants Delta such discretion. The COC provides that "Delta may … change seat assignments … in Delta's sole discretion." COC Rule 2. Particularly in combination with the COC's express disclaimer of all implied covenants, that provision bars Plaintiffs' claim.

In all events, Plaintiffs fail to state a claim for breach of the implied covenant. "Georgia law does not recognize [a] claim for breach of [the] implied covenant of good faith," so an alleged breach of the "implied covenant of good faith does not provide [an] independent basis of liability." *Cone Fin. Grp., Inc. v. Employers Ins. Co. of Wausau*, 476 F. App'x 834, 836 (11th Cir. 2012). "To prove a breach of the implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual express term of an agreement." *Alcatraz Media, Inc. v. Medieval Times Ga., Inc.*, 2011 WL 13213913, at *13 (N.D. Ga. Mar. 30, 2011). Plaintiffs do not do so. They claim that the implied covenant required Delta to provide Plaintiffs window seats, but the COC makes clear that Delta had no such obligation. COC Rule 2. Plaintiffs cannot use the implied covenant to impose contractual obligations that the COC expressly disclaims. *See Overlook Gardens Props., LLC v. Oriz, USA, LP*, 366 Ga. App. 820, 826 (2023) ("There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." (cleaned up).) The ADA would independently preempt any such attempt to impose such non-contractual obligations. *Ginsberg*, 572 U.S. at 388.

C.   **The Complaint Fails to Plead a Non-Preempted Claim for Promissory Estoppel.**

Plaintiffs cannot assert a claim for promissory estoppel. Under Georgia law, "the theory of promissory estoppel applies only in those cases when (1) no written agreement exists, (2) the written agreement is unenforceable for some reason, or (3) there was a promise that post-dated the agreement." *Blau v. Blau*, 368 Ga. App. 701, 706 (2023). Accordingly, "where a plaintiff seeks to enforce an underlying contract which is reduced to writing, promissory estoppel is not available." *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1326 (11th Cir. 2005). Here, Plaintiffs seek to enforce their written contract with Delta, which was supported by bargained-for consideration. FAC ¶¶ 72-75. That precludes their claim for promissory estoppel. *Adkins*, 411 F.3d at 1326; *see Abadi v. Am. Airlines, Inc.*, 2024 WL 1346437, at *47 (S.D.N.Y. Mar. 29, 2024) (dismissing promissory estoppel claims when plaintiff had express contract with airlines).

Plaintiffs purport to assert promissory estoppel "[i]n the event the Court finds that Delta did not undertake contractual commitments to provide Plaintiffs with windows" (FAC ¶ 84), but the COC and ADA would bar any promissory estoppel claim in those circumstances. The COC expressly provides that that "seat assignments[] . . . are not guaranteed and form no part of this contract" (COC Rule 2), and its merger clause forecloses Plaintiff from asserting any other "representations, understandings or agreements" (COC Rule 25). When, as here, a contract "contains a merger clause, a party cannot argue they relied upon representations other than those contained in the contract." *Overlook Gardens*, 366 Ga. App. at 827; *see Tampa Bay Fin., Inc. v.*

October 17, 2025
Page 4

*Nordeen*, 272 Ga. App. 529, 533 (2005) (holding merger clause foreclosed promissory estoppel claim). Any attempt to enforce alleged promises that do not appear in the COC would also be preempted by the ADA. *Schneberger v. Air Evac EMS, Inc.*, 2017 WL 1026012, at *5 (W.D. Okla. Mar. 15, 2017); *Gleason v. United Airlines, Inc.*, 2015 WL 2448682, at *1-2 (E.D. Cal. May 20, 2015); *ATA Airlines, Inc. v. Fed. Exp. Grp.*, 2010 WL 1754164, at *4 (S.D. Ind. Apr. 21, 2010).

Plaintiffs also do not and cannot plead the elements of a promissory estoppel claim. For one thing, such a claim requires reasonable reliance, and Plaintiffs "could not, as a matter of law, rely upon any promises . . . that [are] contrary to the terms of" their written contract with Delta. *Tampa Bay Fin.*, 272 Ga. App. at 533. Because the COC expressly disclaims any representations about seat assignments, Plaintiffs could not reasonably rely on any alleged non-contractual "promises" about window seats. *Id.*; *Sampson v. Wash. Mut. Bank*, 2010 WL 11507028, at *8-9 (N.D. Ga. Nov. 18, 2010) ("[W]hen a party's subsequent oral promise contradicts an express provision of the parties' prior written agreement, it is not reasonable for one to rely on the oral promise."). For another thing, "promissory estoppel does not apply to representations concerning the future, but to representations of past or present facts." *Adkins*, 411 F.3d at 1326. Plaintiffs allege that Delta promised "to provide seats with a 'window'" in the future. FAC ¶¶ 84-85. Such a future promise cannot support a claim for promissory estoppel.

        **D.**       **Plaintiffs Cannot Seek Attorney Fees.**

Even if Plaintiffs had stated a non-preempted claim against Delta, they would be eligible to recover only actual compensatory damages. Plaintiffs' additional request for attorney fees (FAC, Prayer for Relief ¶ d) is preempted by the ADA and prohibited by state law. The COC does not authorize an award of attorney fees, so any claim for fees would have to be based on non-contractual state law preempted by the ADA. *ATA Airlines*, 2010 WL 1754164, at *4. Plaintiffs also have not satisfied the requirements for asserting a claim for fees under Georgia law. *See Perry v. Serenity Behavioral Health Sys.*, 2009 WL 1259367, at *2 (S.D. Ga. May 6, 2009); *Pipe Sols., Inc. v. Inglis*, 291 Ga. App. 328, 329 (2008). Accordingly, the Court should dismiss or strike Plaintiffs' request for fees. *Doe v. Indyke*, 457 F. Supp. 3d 278, 283-85 (S.D.N.Y. 2020) (holding courts may dismiss or strike remedies that are "unavailable as a matter of law").

For these reasons and others that Delta intends to set forth in its motion, the FAC fails to state a claim and seeks relief that is unavailable as a matter of law. Delta respectfully requests leave to file its Motion to Dismiss and Strike.

                                              Respectfully submitted,

                                              */s/ Matthew V.H. Noller*
                                              Matthew V.H. Noller
                                              (NY Bar No. 5288998)

cc: All counsel of record via ECF