

Casey J. Olbrantz
244 Fifth Avenue, Suite C221
New York, NY 10001
casey@greenbaumolbrantz.com
646-818-0913 (Direct)

October 24, 2025 | Via ECF

Honorable Ramon E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Bernardo et al. v. Delta Air Lines, Inc.*, Case 1:25-cv-04608-RER-SDE

Dear Judge Reyes,

I write on behalf of plaintiffs in the above-captioned action in response to Delta's October 17, 2025 motion (ECF 17) seeking dismissal of the Amended Class Action Complaint (ECF 16) ("**FAC**"). This proposed class action seeks damages for Delta's practice of charging fees to upgrade to "window" seats that are actually next to a blank wall. The facts are simple. Delta charges extra fees to choose a window seat. FAC ¶¶ 16-22. Most of Delta's planes have at least one exterior-row seat with no usable window ("**Windowless Window Seats**"). *Id.* ¶ 29. Delta does not disclose that these seats are windowless, and affirmatively leads passengers to conclude they are buying seats with a "window." *Id.* ¶¶ 33-42. Crucially, Delta does not dispute that the tickets it generates for such passengers have a term requiring a "window." *Id.* ¶¶ 53-62. Delta's tickets are contracts, and it breached them by providing Windowless Window Seats. It is liable for breach of contract (Count 1), breach of the implied covenant (Count 2), and promissory estoppel (Count 3). *Id.* ¶¶ 71-86.

Delta moves to dismiss on grounds that: (i) Counts 1 and 2 are not premised on a breach of Delta's Conditions of Carriage (the "**Rule(s)**"), (ii) all Counts are barred by Rule 2, (iii) Counts 2 and 3 are barred by Rule 24, (iv) Count 3 is not adequately pled, and (v) all Counts are preempted by the Airline Deregulation Act ("**ADA**"). Each argument is addressed in turn, and each fails.

**<u>Plaintiffs Adequately Allege that Delta Breached its Tickets</u>.** Delta claims that Counts 1 and 2 do not allege "breach of an actual express term of an agreement," supposedly because the "'Contract of Carriage' (or 'COC'), contains no contractual representations about window seats." That is wrong. Delta's tickets are enforceable contracts. FAC ¶¶ 54-61. Per Rule 1.A: "The terms of your contract (the 'Contract of Carriage') are set forth in: your Ticket [and] these Conditions of Carriage [the Rules]…." *Id.* ¶ 55; *see also* 14 C.F.R. § 253.4. It is irrelevant whether the *Rules*—one component of the overall Contract of Carriage—are silent about "windows."

Counts 1 and 2 are premised on the tickets, which undisputedly have a term requiring a "window." FAC ¶¶ 60-61. Plaintiffs' contracts were formed upon completion of Delta's booking process. *Id.* ¶ 54. Contract terms, such as flights, price, add-ons, and seats, were listed on the "checkout" page of Delta's booking interfaces. *Id.* Delta memorialized those terms by generating electronic tickets. *Id.* ¶¶ 54-61. As detailed in the FAC, plaintiffs' tickets include a term requiring a "window," and Delta breached it by providing Windowless Window Seats. *Id.* ¶¶ 60-61. Delta's motion does not dispute these allegations. Nor does it cite cases holding that these allegations do not state a claim. They do. *Dover v. British Airways, PLC (UK)*, 2013 U.S. Dist. LEXIS 160127, at *17 (E.D.N.Y. Nov. 7, 2013) ("Fuel surcharge" line item in ticket breached terms and conditions of travel); *Cox v. Spirit Airlines*, 2023 U.S. Dist. LEXIS 24904, at *14 (E.D.N.Y. Feb. 14, 2023) (finding "a jury



should decide" "whether the price term" listed on air travel "booking webpage" "must be read to include carry-ons"); *O'Callaghan v. Arm Corp.*, 2005 U.S. Dist. LEXIS 12889, at *4 (N.D. Ill. June 8, 2005) (plaintiffs stated claim that airline ticket included promise to provide advertised leg room); *Ferrucci v. Delta Air Lines, Inc.*, 2024 Conn. Super. LEXIS 2515, at *13-15 (Super. Ct. Nov. 27, 2024) (rejecting Delta's argument that a breach must be premised on the Rules; finding plaintiff stated a claim based on Delta's ticket, which reflected faulty "Delta One" upgrade).

**The "Disclaimer" in Rule 2 Does Not Address Plaintiffs' Allegations.** Delta says every claim fails merely because Rule 2 does not guarantee "seat assignments." Per Delta, that "disclaimer" conclusively establishes that the tickets' terms do not "constitute[] contractual promises." Rule 2 does not apply here on its face. ([Link](.).) That rule, which Delta selectively quotes, concerns "changes" in "seat assignments," such as where Delta "substitutes alternate Carriers or aircraft." Plaintiffs do not allege that Delta changed their seat assignments. They sat in the seats they purchased, and those seats did not include the promised window. FAC ¶ 61. Delta's expansive reading of Rule 2 betrays the plain meaning of "seat assignment." And its claim that Rule 2 covers windows contradicts Delta's separate argument that the Rules have "no contractual representations about window seats." Multiple courts have rejected similar arguments. *Am. Express Travel Related Servs. Co. v. Marco*, 611 F. Supp. 938, 941 (S.D.N.Y. 1985) (claim that boarding pass promised "no-smoking section" not barred by term that "carrier does not guarantee allocation of any particular space in the aircraft"); *O'Callaghan*, 2005 U.S. Dist. LEXIS 12889, at *7 (claim that airline failed to provide leg room not barred by term that "Carrier does not guarantee allocation of any particular space in the aircraft"). At most, Rule 2's applicability is ambiguous under Delta's stretched reading, which is no basis for dismissal. *Cox v. Spirit Airlines, Inc.*, 786 F. App'x 283, 285 (2d Cir. 2019) (dismissal precluded by ambiguity of "price term" on airline booking webpage).

Even if Delta were correct that Rule 2 absolves it of liability for failing to provide paid upgrades, then Rule 2 is unenforceable and void. Federal regulations require Delta to provide a "refund" where an "ancillary service the consumer paid for"—including "seat upgrades"—"is not available." 14 CFR §§ 260.2 & 260.4. Delta cannot bind passengers to Rules that flout such regulations. *Id.* § 260.11; *Cox v. Spirit Airlines, Inc.*, 341 F.R.D. 349, 364 (E.D.N.Y. 2022). And even if it could, under basic rules of contract interpretation, terms that violate federal law are void.

**Rule 24's "Merger Clause" Does Not Bar Counts 2 or 3.** Delta is also wrong that merger clauses "disclaim[] the implied covenant." Delta cites one case that accepted that argument, *Dusko*, but it is unpersuasive. **First**, *Dusko* did not address the common law rule that "a merger clause does not require the dismissal" of an implied covenant claim. *Lim v. Koon*, 2025 U.S. Dist. LEXIS 193985, at *54 (S.D.N.Y. Sep. 30, 2025). The "purpose of a merger clause" is "to preclude consideration" of "extrinsic" matters, but the implied covenant does not "create new contractual rights." *Id*. Thus, merger clauses do not bar implied covenant claims because that covenant is not "extrinsic"—it is already "implicit in the contract as written." *Id.* **Second**, *Dusko* did not analyze whether the merger clause's language is sufficient to disclaim the implied covenant under Georgia law. It is not. The implied covenant is an "overarching presumption" that applies unless "the contract expressly (not impliedly) provides otherwise." *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1365 (N.D. Ga. 2008). Delta's merger clause does not "explicitly" reference the implied covenant. Thus, Delta asks the Court to make an inference from Rule 24's reference to "other" "covenants." But in Georgia, an "inference or implication" is insufficient to effect a disclaimer. *Id.*

Similarly, the merger clause does not "foreclose" plaintiffs' two promissory estoppel theories. Plaintiffs' first theory, that they relied on Delta's promise at the time of contract formation,



concerns a promise that was memorialized in the tickets. FAC ¶ 85. Per the merger clause, the tickets are part of the "entire agreement." And the merger clause has no effect on plaintiffs' theory that they relied on promises made *after* contract formation. *Id.*; *Sun-Pacific Enters. v. Girardot*, 251 Ga. App. 101, 105 (2001) (clause did not bar "representations subsequent to" execution).

**Count 3 is Adequately Pled.** Delta argues, incorrectly, that promissory estoppel is defectively pled in three ways. ***First***, Delta claims that estoppel cannot apply where a party "seeks to enforce their written contract." But Delta's own cited case explains that estoppel claims are permitted where (1) the "written agreement is unenforceable for some reason," or (2) "there was a promise that post-dated the agreement." *Blau v. Blau*, 368 Ga. App. 701, 706 (2023). Plaintiffs allege both such theories here in the alternative to Counts 1 and 2. FAC ¶ 85. The first theory applies if this Court finds the ticket's "window term" is not enforceable. And the second theory is premised on Delta's post-contract, pre-flight promises to provide a window. ***Second***, reliance is plausibly alleged. Delta invokes Rule 2, but as Delta acknowledges, that rule says nothing about windows. It was thus reasonable to rely on Delta's representations in its tickets and booking interface, as they did "not contradict any term in" the Rules. *Girardot*, 251 Ga. App. at 105. ***Third***, Delta's argument that its promises were about "future" facts is both highly semantic and legally unfounded. *Id.* at 106 (enforcing promise not to develop waterfront property in future). Plaintiffs allege Delta promised that the specific seats they were purchasing, or had purchased, included a "window." FAC ¶ 85.

**The ADA Does Not Preempt Any Claims.** In short, the ADA preempts claims seeking to enforce "community standards of decency, fairness, or reasonableness," and permits claims that seek "to effectuate the intentions of parties, or to protect their reasonable expectations." *See Nw., Inc. v. Ginsberg*, 572 U.S. 273, 284-85 (2014). Delta fails to establish that any claims are preempted.

- **Breach of Contract.** The ADA does not preempt breach of contract claims if, using "traditional tools of contract interpretation," "an air traveler has plausibly pled a claim for an alleged state-law breach of the airline's contract of carriage." *Hahn v. Jetblue Airways Corp.*, 738 F. Supp. 3d 229, 261 (E.D.N.Y. 2024) (citing *Cox*, 786 F. App'x at 285). Plaintiffs have done so here.

- **Implied Covenant.** The ADA permits implied covenant claims if: (i) state law permits disclaimer of the implied covenant (the parties agree Georgia does), and (ii) the claim seeks to "vindicate the parties' implicit understanding of the contract." *Ide v. British Airways PLC*, 529 F. Supp. 3d 73, 86 (S.D.N.Y. 2021). Delta conclusorily argues that plaintiffs seek to "impose" "non-contractual obligations," but plaintiffs allege Delta contracted to provide a "window." FAC ¶¶ 53-62. This claim seeks to vindicate their reasonable expectation that a "window" is not a *location*, but an *actual* window. *Id.* ¶¶ 80-81. It is thus not preempted. *Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, 257 F. Supp. 2d 701, 707 (S.D.N.Y. 2003); *Ide*, 529 F. Supp. 3d at 87.

- **Promissory Estoppel.** Delta also argues that "Any attempt to enforce alleged promises that do not appear in the COC would also be preempted." But it offers no argument. It merely string-cites an unjust enrichment case, a case that did not address *Wolens*, and, incredibly, a case that the Seventh Circuit *overruled* in *ATA Airlines, Inc. v. Fed. Express Corp.*, 665 F.3d 882, 884 (7th Cir. 2011). As Judge Posner explained: "Promissory estoppel, as the word 'promissory' implies, furnishes a ground for enforcing a promise made by a private party, rather than for implementing a state's regulatory policies." *Id.* It is "not preempted" because it differs from a breach claim "only in basing the enforceability of the defendant's promise on reliance." *Id.*

- **Legal Fees.** Last, the ADA does not preempt attorneys' fees and costs under Rule 23(h). *Dover v. British Airways, PLC (UK)*, 2018 U.S. Dist. LEXIS 174513, at *25 (E.D.N.Y. Oct. 9, 2018).



We thank the Court for its attention to this matter.

Respectfully submitted,

*Casey J. Olbrantz*

Casey J. Olbrantz

cc:	All counsel of record via ECF