GREENBAUM OLBRANTZ LLP

**Casey J. Olbrantz**
244 Fifth Avenue, Suite C221
New York, NY 10001
casey@greenbaumolbrantz.com
646-818-0913 (Direct)

August 12, 2026

Via ECF

Honorable Seth D. Eichenholtz
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Bernardo et al. v. Delta Air Lines, Inc.*, Case 1:25-cv-04608-RER-SDE**

Dear Judge Eichenholtz,

The parties write jointly pursuant to the Court's docket order, dated July 16, 2026, directing the parties to "to meet and confer regarding the outstanding discovery issues, and file a joint status letter by 8/11/2026 setting forth the specific, unresolved disputes requiring the Court's resolution, including exactly what is being withheld and on what basis."

Pursuant to the Court's directive, the parties have further met and conferred on the issues raised in their joint letter, dated July 14, 2026 (ECF 44), and report that they have reached various compromises, as outlined below, and have no ripe disputes requiring the Court's attention.

The status of the issues raised in the parties' July 14 letter are summarized below:

**Plaintiffs' RFP 3.** In consideration of the Court's guidance, the parties have agreed to proceed as follows. First, plaintiffs will attempt to compile an initial list of affected window seats identified on various aircraft configurations by evaluating the customer complaint data that Delta has agreed to produce (as noted below) and data available from third-party sources. Second, upon providing such lists to Delta, and without prejudice to plaintiffs' ability to seek data concerning additional affected seats as they are identified in discovery, plaintiffs intend to seek the production of putative class member transaction data that is comparatively limited from the text of RFP 3, including the following kinds of data: an anonymized transaction identifier; dates of purchase and travel; the kind, amount, and payment method of the passenger's seat fee; the passenger's seat number; a unique aircraft identifier; and the channel through which the seat was booked. The parties have reserved all rights as to the scope of data sought and to be produced, and Delta specifically reserves all rights to object to any further request made by plaintiffs in connection with this request, but the parties will continue to work in good faith to resolve any disputes.

**Plaintiffs' RFP 8.** Delta has agreed to produce, for the class period, exemplars of the form of boarding passes issued to putative class members, exemplars of the information that was displayed to putative class members on Delta's electronic reservation system upon entering their reservation information after completing their purchase, and exemplars of the standard forms of receipts provided to putative class members after completing their purchase.

**Plaintiffs' RFP 17 & 18.** Delta has agreed to produce from its customer complaint database an anonymized spreadsheet listing complaints received by Delta during the class period that were tagged with either of the following two codes: "Pre-Flight – Booking – Seat Map/Selection Issue" or

"In-Flight Experience  - Seats – No Window." Delta notified plaintiffs on August 11 that its export of such complaints may not necessarily include copies of each customer's original full complaint, but contains a narrative field describing the substance of the customer's complaint.

With respect to data and correspondence concerning Delta's responses to such complaints and their resolutions (including, for example, any compensation or refunds issued), Delta has agreed to produce a sample of 100 resolutions. The parties are still negotiating the methodology for how the sample will be identified. This compromise is without prejudice to plaintiffs' ability to seek the production of all resolution data, and to Delta's objections to producing such data.

**Plaintiffs' RFP 19.** Delta has identified a non-custodial source of policies and other documents responsive to RFP 19 that it will produce. Upon receiving Delta's production, the parties will confer as to whether the production of related custodial correspondence is appropriate.

**Delta's Interrogatories 5, 6, 8 & 18.** Plaintiffs served supplemental responses on July 30.

*    *    *

The parties have no other disputes to report at this time, and thank the Court for its attention to this matter.

Respectfully submitted,

Casey J. Olbrantz
*Counsel for Plaintiffs*

*/s/ Ken Fowler*
Ken Fowler
*Counsel for Delta*

cc: All counsel of record via ECF