# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 1:25-CV-04608 (RER) (SDE)

NICHOLAS MEYER, JUSTIN VALENTINE, ANTHONY BERNARDO, LEAH ROBERTS

VERSUS

DELTA AIR LINES, INC.

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

Justin Valentine, Anthony Bernardo, and Leah Roberts ("Plaintiffs") commenced this putative class action against Delta Airlines Inc. ("Delta" or "Defendant") for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court denies Delta's motion to dismiss.

## BACKGROUND[1]

### I. Factual Background

Plaintiffs are dissatisfied Delta customers. (ECF No. 16 ("Am. Compl.") ¶¶ 8, 10–12). Plaintiffs Bernardo and Valentine paid an extra fee to select a window seat. (*Id.* ¶¶ 8,

[1] The Court acknowledges and offers its deep gratitude to Livia Martinez, a former judicial intern and third year law student at Brooklyn Law School, for her assistance in researching and drafting this memorandum and order.

11). Plaintiff Roberts incurred costs for her Delta-affiliated credit card in exchange for the benefit of selecting a window seat. (*Id.* ¶ 10). "Delta consistently represented to Plaintiffs, both during and after the booking process, that their chosen seats had a window." (*Id.* ¶ 1). On their Delta flights, however, Plaintiffs were seated next to blank walls, *i.e.* in "windowless window seats." (*Id.* ¶ 1, 3).

Delta's customers are bound by Delta's "Conditions of Carriage" ("COC"). (*Id.* ¶ 55). COC Rule 1.A provides: "[t]he terms of your contract (the 'Contract of Carriage') are set forth in [1] your Ticket; [2] these Conditions of Carriage; [and 3] our published fare rules and regulations….". (*Id.*; ECF No. 26-3 ("COC") at 3). COC Rule 2 states "Delta will exercise reasonable efforts to transport you and your baggage from your origin to your destination with reasonable dispatch, but published schedules, flight times, aircraft types, seat assignments, and similar details reflected in the ticket or Delta's published schedules are not guaranteed and form no part of this contract." (*Id.*) COC Rule 24 is a merger clause and reads: "[t]he Contract of Carriage, including the Ticket and Fare Rules, represents the entire agreement between the parties relating to transportation by Carrier, and shall supersede all prior representations, understandings or agreements pertaining thereto, either oral or written. No other covenants, warranties, undertakings or understandings may be implied, in law or in equity." (*Id.* at 24).

Plaintiffs allege Delta's practice of selling "upgrades" to seats "Delta promises have windows" but are actually next to blank walls (Am. Compl. ¶ 1) constitutes a breach of contract (*Id.* ¶ 71–75) and a violation of the implied covenant of good faith and fair dealing (*Id.* ¶ 76–82). Plaintiffs also bring a promissory estoppel claim in the alternative. (*Id.* ¶ 83–86).

On August 18, 2025, Plaintiffs initiated this action. (ECF No. 1). Plaintiffs filed an amended complaint on October 3, 2025. (Am. Compl.). Defendant moved to dismiss. (*See* ECF Nos. 25 ("Def.'s Mot.); 26 ("Def.'s Mem.")). Plaintiffs opposed (ECF No. 28 ("Pls.' Opp'n")), and Defendant replied (ECF No. 29 ("Def. Reply")). On May 15, 2026, the Court voluntarily dismissed Plaintiff Nicholas Meyer from the suit. (ECF No. 41).

## **<u>LEGAL STANDARD</u>**

A defendant may move to dismiss a civil action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Bare conclusory statements will not suffice. *Id.* at 681. When courts consider whether a complaint "states a plausible claim for relief," they must accept all factual allegations stated in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 679; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium).

## **<u>DISCUSSION</u>**

### I. <u>Plaintiffs' Claims Are Not Preempted</u>

Delta argues all of Plaintiffs' claims are preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. §§ 41713 *et seq*. (Def.'s Mem. *in passim.*). Plaintiffs contend their claims are exempted from ADA preemption. (Pls. Opp'n at 11–16). Plaintiffs are correct.

Under the ADA, "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). However, the ADA "does not bar court adjudication of routine breach-of-contract claims" and permits "suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 220 (1995). Under *Wolens*, all of Plaintiffs' claims are exempted from ADA preemption. *See Brenman v. United Airlines, Inc.*, No. 25-CV-06995 (JD), 2026 WL 1950456, at *1 (N.D. Cal. July 6, 2026) (finding analogous breach of contract, implied contract, and promissory estoppel claims related to United Airlines' windowless window seats were not preempted by the ADA).

Plaintiffs' breach of contract claim is explicitly exempted by *Wolens*. *See Cox v. Spirit Airlines, Inc.*, 786 F. App'x 283, 286 (2d Cir. 2019) (summary order) ("Under *Wolens*, routine contract claims may proceed"); *Hahn v. JetBlue Airways Corp.*, 738 F. Supp. 3d 229, 260 (E.D.N.Y. 2024) (finding that under *Cox* Plaintiff's breach of contract claim was not preempted by the ADA); *Sholopa v. Turk Hava Yollari A.O., Inc.*, 595 F. Supp. 3d 257, 264 (S.D.N.Y. 2022) (same).

Plaintiffs' implied covenant of good faith and fair dealing is also exempted. Georgia law permits parties to disclaim the implied covenant of good faith and fair dealing. *Hunting Aircraft, Inc. v. Peachtree City Airport Auth.*, 281 Ga. App. 450, 453 (2006). Therefore, plaintiffs' implied covenant of good faith and fair dealing claim is not preempted under *Ginsberg*. *C.f. Nw., Inc. v. Ginsberg*, 572 U.S. 273, 287 (2014) ("When the law of a State does not authorize parties to free themselves from the covenant, a breach of covenant

claim is pre-empted under the reasoning of *Wolens*."). Plaintiffs' implied covenant of good faith and fair dealing claim arises from an alleged self-imposed undertaking and as such is not preempted.

A promissory estoppel claim "furnishes a ground for enforcing a promise made by a private party, rather than for implementing a state's regulatory policies." *Abadi v. Am. Airlines, Inc.*, No. 23. Civ. 4033 (LJL), 2024 WL 1346437, at *47 (S.D.N.Y. Mar. 29, 2024) (citation modified) (quoting *ATA Airlines, Inc. v. Fed. Exp. Corp.*, 665 F.3d 882, 884 (7th Cir. 2011)) (finding "[a]s to the airlines with which Plaintiff did not have an express contract, the Court finds that Plaintiff's promissory estoppel claim is not preempted" by the ADA). Therefore, Plaintiffs' promissory estoppel claim is also exempted.

Defendant's arguments in the alternative—that Plaintiffs' claims do not arise from the contract or are disclaimed by the contract—go to the merits. (Def.'s Mem. at 23, 27, 30). The Court denies Defendant's motion to dismiss Plaintiffs claims on the basis of ADA preemption.

## II. COC Rule 2 Does Not Bar Plaintiffs' Claims

Delta claims COC Rule 2 establishes "Delta does not offer tickets or contracts to customers that guarantee particular seats." (Def.'s Mem. at 10). Plaintiffs interpret COC Rule 2 to "merely give[] Delta discretion to change 'seat assignments' upon certain operational 'changes.'" (Pls.' Opp'n at 8). Further, Plaintiffs argue COC Rule 2 does not "nullif[y]" Delta's "obligations in the Tickets even in the absence of an operational 'change.'" (*Id.*)

Whether or not COC Rule 2 dispels Delta of any obligation to furnish Plaintiffs' with window seats, is an issue of contract interpretation. Here, "[b]oth parties have offered

reasonable interpretations" of COC Rule 2 and "a claim predicated on a materially ambiguous contract term is not dismissible on the pleadings." *McNeil v. Cap. One Bank, N.A.*, No. 19-CV-00473 (FB) (RER), 2020 WL 5802363, at *2 (E.D.N.Y. Sept. 29, 2020) (citation modified) (citing *Eternity Glob. Master Fund Ltd. v. Morgan Guard. Trust. Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004)). Therefore, the Court finds COC Rule 2 does not warrant dismissal of Plaintiffs' claims at this stage.

III. <u>COC Rule 24 Does Not Bar Plaintiffs' Claims</u>

Delta puts forward two affirmative arguments in support of their position that COC Rule 24 disclaims the implied covenant of good faith and fair dealing. First, Defendant argues that pursuant to *Ginsberg*, states cannot limit an airlines' ability to disclaim the covenant. (Def.'s Mem. at 28). Second, Defendant argues that since *Dusko* and *Bajra* held COC Rule 24 disclaims the implied covenant of good faith and fair dealing, this Court should find the same. (*Id.* at 29) (citing *Dusko v. Delta Air Lines, Inc.*, No. 20-CV-01664 (ELR), 2022 WL 22927618 (N.D. Ga. Mar. 2, 2022); *Bajra v. Delta Air Lines, Inc.*, 785 F. Supp. 3d 1289 (N.D. Ga. 2025)). Neither *Dusko* or *Bajra* contain robust analysis on this finding. *Id.* As to Plaintiffs' promissory estoppel claim, Defendant argues that a merger clause forecloses a promissory estoppel claim since it disallows reliance on representations outside the contract. (*Id.* at 30). Defendant's arguments do not go to the sufficiency of COC Rule 24 as a merger clause under Georgia law. On Defendant's papers, the Court does not find COC Rule 24 has the power to extinguish Plaintiffs' implied covenant of good faith and fair dealing and promissory estoppel claims. The Court finds COC Rule 24 does not warrant dismissal of Plaintiffs' implied covenant of good faith and fair dealing and promissory estoppel claims at this time.

IV. Plaintiffs' Promissory Estoppel Claim is Properly Pleaded in the Alternative

Defendant's argument that Plaintiffs did not adequately plead their promissory estoppel claim boils down to whether Plaintiffs may plead promissory estoppel in the alternative. Georgia law permits just that. *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1371 (N.D. Ga. 2006). Defendant's alternate characterizations are unavailing. Here, the Court has not determined whether the terms of the COC "include[s] the promises alleged in support of a promissory estoppel claim" or "whether there was a promise that post-dated the written agreement." *Blau v. Blau*, 368 Ga.App. 701, 707 (Ga.App., 2023). Depending on the Court's findings, Plaintiffs' promissory estoppel claim may be viable. Accordingly, the Court finds Plaintiffs have adequately pleaded their promissory estoppel claim.

V. Plaintiff Roberts Adequately Alleges Consideration

Plaintiff Roberts alleges she "incurs substantial costs for her Delta-affiliated credit card" and in exchange may select a window seat when booking a Delta flight. (FAC ¶ 10). Delta argues Plaintiff Roberts' must allege they paid consideration to Delta. (Def.'s Mem. at 26). Defendant is incorrect.

> "[C]onsideration need not be a benefit accruing to the promisor, but may be a benefit accruing to another. [Cits.]" *Fisher v. Toombs County Nursing Home,* 223 Ga.App. 842, 845(2), 479 S.E.2d 180 (1996). Indeed, "'[a] contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law—the most elementary.' [Cit.]" *Marsh v. Chrysler Ins. Co.,* 169 Ga.App. 639, 640(2), 314 S.E.2d 475 (1984). See also OCGA § 13–3–42(d); John K. Larkins, Jr., *Ga. Contracts: Law and Litigation* § 4–9, p. 102 (2002).

*Thompson v. Allstate Ins. Co.*, 285 Ga. 24, 28 (2009). Delta's motion to dismiss Plaintiff Roberts' claim is denied.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 4, 2026
Brooklyn, New York